**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| ROBERT LEE SAWYER, : | |
| : | |
| Defendant-Petitioner, : | |
| : | |
| v.                           : | Case No. 5:98-CR-67 (HL) |
| : | |
| UNITED STATES OF AMERICA, : | |
| : | |
| Respondent.               : | |

## ORDER

This matter is before the Court on the Petition for Writ of Mandamus (Doc. 22) (the "Petition") filed by Robert Lee Sawyer ("Petitioner"). For the following reasons, the Petition is denied.

The Petitioner asks this court to direct the government to "adhere to the terms of the agreement reached between the parties and give specific performance of the agreement by filing the required motion for downward departure [o]n behalf of" the Petitioner. As the Response (Doc. 24) by the government shows, the Petitioner has filed similar motions in several of his criminal cases alleging that he is entitled to a lesser sentence due to his provision of substantial assistance. The government disputes that the Petitioner is entitled to any such relief because he has not provided any substantial assistance.

"A writ of mandamus is a drastic and extraordinary remedy reserved for really extraordinary causes and will issue only in exceptional

circumstances amounting to a judicial usurpation of power or a clear abuse of discretion." U.S. v. Davis, 2010 WL 9438, *1 (11th Cir. 2010). "The party seeking mandamus has the burden of demonstrating that its right to issuance of the writ is clear and indisputable." Id. The Petitioner has failed to demonstrate his right to mandamus.

Furthermore, the Petitioner must make a "substantial threshold showing" that the government's refusal to file a substantial assistance motion was based on an unconstitutional motive in order to have this Court review the government's decision. U.S. v. Weeks, 295 Fed. Appx. 942, 946 (11th Cir. 2008). Examples of such unconstitutional motives are those motives based on the race or religion of the petitioner. Id. The Petitioner has made no such showing here.

The Petitioner has not shown that he is entitled to the relief he seeks. Therefore, the Petition (Doc. 22) is denied.

**SO ORDERED**, this the 7th day of April, 2010.

*s/ Hugh Lawson*
HUGH LAWSON, Senior Judge

jch