# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **ROBERT LEE SAWYER,** <br><br> Defendant. | Case No. 5:98-CR-67 (HL) |

### ORDER

Before the Court is Defendant Robert Lee Sawyer's Motion for Sentence Reduction, filed pursuant to 18 U.S.C. § 3582 and Retroactive Amendment 782. (Doc. 42). For the reasons discussed herein, the Court **GRANTS in part** Defendant's motion and reduces Defendant's sentence to 235 months.

**I.  BACKGROUND**

A grand jury in this district returned an indictment on July 16, 1998, charging Defendant Robert Lee Sawyer with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(A)(iii). A violation of the Armed Career Criminal Act, 18 U.S.C. § 924(e), subjected Defendant to a potential mandatory minimum sentence of 15 years to Life. Defendant pled guilty to the firearms offense on December 4, 1998. As a part of his plea agreement, Defendant stipulated to possession of over 50 grams of crack cocaine.

Prior to sentencing, the United States Probation Office ("Probation") prepared a Presentence Investigation Report. Probation determined a base offense level of 24 based on the firearms offense. Probation then applied a four-level enhancement pursuant to U.S.S.G. § 2K2.1(a)(2) because Defendant possessed the firearm in connection with another felony offence – possession with intent to distribute cocaine base. Defendant's total adjusted offense level then became 28. However, because the offense of possession with intent to distribute cocaine base resulted in a higher offense level, Probation applied the drug offense base offense level rather than the firearm offense base offense level. See U.S.S.G. §§ 2K2.1(c)(1)(A), 2X1.1.

Probation combined the total weights of the drugs seized – 157.6 grams of cocaine base; 165.2 grams of cocaine; and 5.2 grams of marijuana – into a marijuana equivalency of 3,185.04 kilograms, yielding a base offense level of 34. See U.S.S.G. § 2D1.1(c)(3). Probation then applied a two-level increase because a dangerous weapon was used, resulting in an adjusted offense level of 36. See U.S.S.G. § 2D1.1(b)(1). Defendant received a three-level reduction for acceptance of responsibility, rendering a total offense level of 33.

However, Probation also concluded that Defendant was an Armed Career Criminal. Pursuant to U.S.S.G. § 4B1.4(b), the offense level for an Armed Career Criminal is the greatest of:

(1) the offense level applicable from Chapters Two and Three; or
(2) the offense level from § 4B1.1 (Career Offender), if applicable; or
(3) (A) 34, if the defendant used or possessed the firearm or ammunition in connection with a crime of violence or controlled substance offense, as defined by § 4B1.2(a), or if the firearm possessed by the defendant was of a type described in 26 U.S.C. § 5845(a)*; or (B) 33, otherwise.*

*If an adjustment from § 3E1.1 (Acceptance of Responsibility) applies, decrease the offense level by the number of levels corresponding to that adjustment.

Probation determined that the offense level from Chapters Two and Three was the greatest offense level and applied a total offense level of 33. As an Armed Career Criminal, Defendant was subject to a criminal history category of VI. Even without this designation, Defendant's criminal history category was properly calculated as a category VI as he had 16 criminal history points.

Defendant appeared for sentencing on February 16, 1999. Considering a total offense level of 33 and a criminal history category of VI, the Court calculated an advisory sentencing guideline range of 235 to 293 months. The Court imposed a total term of imprisonment of 240 months. Defendant is presently serving this sentence. His projected release date is September 3, 2029.

Following the enactment of the First Step Act of 2018, the Court appointed the Federal Defender's Office to represent Defendant and to review his eligibility for relief under the Act. Probation filed a Supplemental Abbreviated Presentence

Investigation Report for the First Step Act on June 7, 2019. (Doc. 34).[1] Upon review, counsel for Defendant concluded that Defendant was not eligible for relief under the Act because Defendant was not convicted of an offense for which the statutory penalties were modified by the First Step Act. (Doc. 40). However, Defendant contends that he is eligible for a sentence reduction under 18 U.S.C. § 3582(c) and Retroactive Amendment 782. (Doc. 42).

## II. DISCUSSION

Under 18 U.S.C. § 3582(c)(2), a district court may modify a term of imprisonment when the original sentencing range has been subsequently lowered as the result of an amendment to the Sentencing Guidelines. 18 U.S.C. § 3582(c)(2). To be eligible for a sentencing reduction under § 3582(c)(2), a defendant must identify an amendment to the Sentencing Guidelines that is listed in U.S.S.G. § 1B1.10(d). U.S.S.G. § 1B1.10(a)(1). Amendment 782 reduced the base offense level for most drug offenses by two levels. U.S.S.G. § 1B1.1(d); U.S.S.G. App. C, Amend. 782 (2014).

Once a court determines that an amendment to the Sentencing Guidelines may apply to reduce a defendant's sentence, the court then must follow a two-step process to determine whether the defendant's sentence should be reduced.

---

[1] Probation filed a revised supplemental report on March 30, 2020. (Doc. 47). The amended report largely contains the same information but more specifically details how Defendant as an Armed Career Criminal is eligible for relief under Amendment 782.

United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). First, the court must "determin[e] a new base level by substituting the amended guideline range for the originally applied guideline range, and then us[e] that new base level to determine what ultimate sentence it would have imposed." Id. At the first step, only the amended guideline range is changed – "[a]ll other guideline application decisions made during the original sentencing remain intact." Id. (quoting United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998), cert. denied, 525 U.S. 1113 (1999)). Second, the district court must decide whether, in its discretion, and in consideration of the 18 U.S.C. § 3553(a) sentencing factors, to retain the original sentence or to resentence the defendant under the amended guideline range. Id. at 781.

At step one, Defendant and the Government agree that as a result of Amendment 782, Defendant is eligible for a sentence reduction. As amended, Defendant's total offense level is reduced from 33 to 31. A total offense level of 31 and a criminal history category of VI yields a new advisory sentencing guideline range of 188 to 235 months.[2] Defendant moves the Court to reduce his sentence to 188 months. (Doc. 42, p. 1). The Government argues that the Court should impose a sentence of 235 months.

---

[2] The Government and Defendant arrive at the new sentencing guideline range using different calculations; nevertheless, they agree that the new range is 188 to 235 months. (Doc. 42, p.3; Doc. 42, p. 5).

At step two, the parties dispute the extent to which the Court should reduce Defendant's sentence. While a defendant's eligibility for relief under § 3582(c)(2) presents a legal question, the district court's "decision whether to reduce the defendant's sentence, and to what extent, remains discretionary." United States v. Williams, 557 F.3d 1254, 1257 (11th Cir. 2009). "The authorization of such a discretionary reduction . . . does not entitle a defendant to a reduced term of imprisonment as a matter of right." U.S.S.G. § 1B1.10 cmt. backg'd. When evaluating whether and to what extent a sentence should be reduced, the district court must evaluate the factors listed in 18 U.S.C. § 3553(a) as well as public safety considerations. U.S.S.G. § 1B1.10 cmt. n.1(B)(i)-(ii); see also Williams, 557 F.3d at 1256. Additionally, the court "may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction." Id. § 1B1.10 cmt n.1(B)(iii). A district court need not "articulate specifically the applicability – if any – of each of the section 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court." United States v. Eggersdorf, 126 F.3d 1318, 1322 (11th Cir. 1997); see also United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007) (explaining that the district court has the discretion about how to weigh each factor).

Defendant has an extensive criminal history. Prior to the offense of conviction, Defendant had five convictions for violent offenses. On February 26, 1982, Defendant was convicted for the offense of Robbery – Strong Arm. (Doc. 34, p. 3). On October 31, 1990, Defendant was convicted for multiple offenses taking place within a six-month period: Attempted Murder in the Second Degree, January 16, 1986; Aggravated Assault, January 28, 1986; Robbery with a Firearm, May 14, 1986; Robbery with a Firearm, June 11, 1986. (Id.). Additionally, at the time of sentencing in this case, Defendant had pending charges for Battery on a Police Officer. (Id. at p. 1).

Since entering the Bureau of Prisons, Defendant has taken advantage of the prison's educational opportunities, completing 2,520 hours of educational training. (Id.). However, Defendant also has acquired an lengthy disciplinary record. Between November 28, 1998 and July 31, 2017, Defendant has been cited for disruptive and insubordinate conduct; fighting; using a phone or mail without authorization; giving or accepting money without authorization; assault without serious injury; engaging in a group demonstration; being in an unauthorized area; use of drugs/alcohol and introduction of drugs/alcohol into a facility. Consequently, Defendant has been placed in disciplinary segregation and lost certain privileges. (Id.). Defendant has also lost the benefit of good conduct time. (Id.).

The Court concludes that a sentence reduction in this case is proper. However, upon consideration of Defendant's criminal history and his prison disciplinary history, and in weighing the § 3553(a) sentencing factors, the Court finds that a sentence of 235 months – at the high end of the newly calculated advisory sentencing guideline range – is warranted.

This revised sentence accurately reflects "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The Court further finds that a 235-month sentence adequately reflects the seriousness of the offense and promotes respect for the law, provides just punishment for the offense, affords adequate deterrence to criminal conduct, and protects the public from further crimes of Defendant. 18 U.S.C. § 3553(a)(2)(A)-(C). The Court is not persuaded that any of Defendant's post-sentencing conduct obviates the seriousness of his offenses of conviction. Defendant's motion for sentence reduction is accordingly **GRANTED in part**.

### III. CONCLUSION

For the foregoing reasons, Defendant Robert Lee Sawyer's Motion for Sentence Reduction (Doc. 42) is **GRANTED in part**. Defendant's sentence is reduced to 235 months.

**SO ORDERED** this 13th day of April, 2020.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

8