IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 5:98-CR-67-001 (HL) |
| ROBERT LEE SAWYER | |

**ORDER ON SUCCESSIVE OR AMENDED MOTION FOR REDUCTION IN SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A) – COMPASSIONATE RELEASE**

Federal prisoner Robert Lee Sawyer, has moved the Court for "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1)(A). For the following reasons, the motion is **DENIED.**

The First Step Act of 2018 authorized prisoners to move directly for a sentence reduction in district court. Before the Act, "compassionate release" was available only upon a motion from the Director of the Bureau of Prisons. The amended statute provides that once a movant has established that he has fully exhausted his administrative rights, a court may reduce a term of imprisonment if, after considering the § 3553(a) factors, it finds that compelling and extraordinary reasons warrant a reduction and that a reduction is consistent with the "applicable" policy statements. 18 U.S.C. § 3582(c)(1). The policy statements and accompanying application notes provide guidance on the grounds for compassionate release. USSG § 1B1.13. However, the policy statements were not amended after the amendment allowing prisoners to file direct motions for compassionate release. Thus, when adopted, the policy statements applied only to motions filed by the Director of the Bureau of Prisons. This has led several circuits to hold that the policy statements are not "applicable" to prisoner-filed motions for compassionate release. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021); *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020). On May 7, 2021, the 11th Circuit addressed the issue in its ruling in *United States v. Bryant* (11th Cir. No. 19-14267 May 7, 2021) and ruled that USSG § 1B1.13 is still an "applicable policy statement for an 18 U.S.C. § 3582(c)(1)(A) motion." The reasons mentioned in Sawyer's motion does not fall within any of the categories enumerated at USSG § 1B1.13.

After careful and complete review of the motion and supporting information submitted by the defendant, the applicable factors set forth in 18 U.S.C. § 3553(a) and considering policy statements found at USSG § 1B1.13 to the extent they are relevant to whether a reduction is warranted (and, if so, the amount of the reduction), this motion is **DENIED**.

As outlined in 18 U.S.C. § 3582(c)(1)(A), upon finding the defendant has exhausted administrative remedies and after considering the 3553(a) factors to the extent they are applicable, the Court can grant compassionate release if it finds that; (i) extraordinary and compelling reasons warrants a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided

under 18 U.S.C. § 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. The Court notes that the defendant is currently 57 years old.

As previously mentioned, the 11th Circuit held in *United States v. Bryant*, 996 F.3d 1243. 1247 (11th Cir. 2021), that the policy statement and commentary found at USSG § 1B1.13 are applicable and limits a prisoner-filed motion for compassionate release. According to USSG §1B1.13, only four circumstances qualify as extraordinary and compelling reasons. First, extraordinary, and compelling reasons may exist based on the medical condition of the defendant, if determined that the defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory) or the defendant's ability to provide self-care within the correctional facility environment is substantially diminished and he or she is not expected to recover from at least one of the following: a serious physical or medical condition, a serious functional or cognitive impairment or a deterioration of physical or mental health because of the aging process. Second, the age of the prisoner can qualify as an extraordinary and compelling reason if the defendant is at least 65 years of age, experiencing a serious deterioration in physical or mental health because of the aging process and has served at least 10 years or 75% of his or her term of imprisonment, whichever is less. Third, family circumstances can constitute extraordinary and compelling reasons if the caregiver of the defendant's minor child or children dies or becomes incapacitated, or when the defendant's spouse or registered partner becomes incapacitated, and the defendant would be the only available caregiver for the spouse or registered partner. Fourth, extraordinary and compelling reasons may be present as determined by the Director of the Bureau of Prisons.

The Court finds that the defendant has failed to show extraordinary and compelling reasons in his motion for compassionate release that would warrant Court intervention. Additionally, he does not meet the statutory requirement found at 18 U.S.C. § 3582(c)(1)(A)(ii). The Court obtained and reviewed the defendant's BOP health records which indicate the defendant is diagnosed with several medical conditions; however, none appear terminal as outlined at USSG 7B1.13 (Comm. App. Note: 1(A)(i)). According to his BOP health records, it does not appear that his medical condition is substantially diminishing his ability to provide self-care within the environment of the correctional setting and from which he is not expected to recover, in accordance with USSG 7B1.13 (Comm. App. Note: 1(A)(ii)(I). The Court notes the defendant has completed approximately 71% of his full term of imprisonment.

Also, the Court finds that the factors found at 18 U.S.C. § 3553(a), the nature and circumstances of the offense and the history and characteristics of the defendant weigh heavily against his compassionate release.

So ordered this 13th day of January, 2023.



s/Hugh Lawson
HUGH LAWSON
SENIOR U.S. DISTRICT JUDGE